## Volunteer Police Officers

RUTTER, Deputy Attorney General, January 16, 1942.—By your communication of December 30, 1941, you requested us to advise you upon the following questions raised in connection with the Act of July 18, 1917, P. L. 1062, 35 PS §§1421-1424, an act providing for the appointment by the Governor of volunteer police officers during time of war.

The questions submitted by you were as follows:

1. Must a volunteer police officer wear a uniform while engaged in police service?

2. May a volunteer police officer carry a firearm?

3. If a volunteer police officer is injured or incapacitated in the performance of his duty, who or what agency, if any, is liable for: (a) Workmen's compensation; (b) or other liability?

4. What fee, if any, may be charged upon the issuance of a commission to a volunteer police officer: (a) By the Secretary of the Commonwealth; (b) by the municipality or industry which requests the appoint-

ment and commission of such officer; and (c) if a fee is chargeable, by whom shall it be paid?

5. Shall the recorder of deeds collect and remit to the Commonwealth the sum of 50 cents for each commission received by him and filed in his office under said act?

6. May nonresidents of Pennsylvania be appointed and commissioned as volunteer police officers?

7. May a sheriff of a county certify on behalf of an industry to the need for an appointment of and commission to a volunteer police officer?

As a result of your foregoing inquiries we issued and directed to you Formal Opinion no. 409, dated January 8, 1942, advising you concerning certain of the foregoing questions. Said opinion is hereby withdrawn, and you will consider yourself no longer bound by it. This opinion is substituted for Formal Opinion no. 409.

We shall now take up your questions in the order given above.

The first three and seventh questions asked by you we must decline to answer for the reason that you would be neither bound nor protected by any answers we might give to them.

Your question no. 4, namely, what fee, if any, may be charged upon the issuance of a commission to a volunteer police officer: (a) By the Secretary of the Commonwealth; (b) by the municipality or industry which requests the appointment and commission of such officer; and (c) if a fee is chargeable, by whom shall it be paid, we shall answer.

The Act of July 18, 1917, supra, contains no provision relating to any fee to be paid to any person or official by anyone upon the issuance of a commission to a volunteer policeman. Therefore, in the absence of other pertinent and controlling legislation, no fee may be charged.

Section 1 of the Act of June 8, 1923, P. L. 685, as

amended by the Act of May 17, 1933, P. L. 800, 71 PS §803, provides in part:

"The fees of the Secretary of the Commonwealth, for the use of the State, shall be as follows:.

. . . . . . . .

"Each commission for railroad, mining, or other police, five dollars."

Volunteer police provided for in the Act of July 18, 1917, are not in the same category as, nor are they, railroad police. Railroad police are expressly created by the Act of February 27, 1865, P. L. 225, 38 PS §§31-36. The oaths of such police must be recorded by recorders of deeds and filed in the office of the Secretary of the Commonwealth. Commissions of volunteer police need not be recorded nor need they be filed in the office of the Secretary of the Commonwealth. All that the Act of July 18, 1917, requires is that the oaths and commissions of volunteer police be filed in the office of the recorder of deeds. It is not necessary, therefore, to produce revenue under the act wherewith to defray expenses in the office of the Secretary of the Commonwealth because no unusual expenses would be incurred by that office in connection with the act.

The descriptive words "mining police" used in the Act of June 8, 1923, P. L. 685, supra, as amended, apparently refer, if they refer to anything, to "industrial police" formerly authorized by the Act of April 18, 1929, P. L. 546, 38 PS §§1-14, for there are no "mining police" as such. However, said Act of April 18, 1929, was repealed by the Act of June 15, 1935, P. L. 348, and "industrial police" no longer exist.

The words "other police", used in the Act of June 8, 1923, supra, also probably referred to industrial police. This must be true because no commissions are issued by the Governor or through the office of the Secretary of the Commonwealth to any police (excepting volunteer police under the Act of July 18, 1917) other than railroad police.

Railroad police are primarily a peacetime organization. Volunteer police under the Act of July 18, 1917, are a wartime body. They are, in the words of the preamble of the act itself, a "volunteer police force to prevent injury and destruction to the various industries of the Commonwealth by enemies of the Nation . . . during the time this Nation is at war".

We are not dealing here with the usual type of commission issued; we are not involved with a regularly organized peacetime police force; we are, rather, construing legislation creating a *volunteer* police force during time of National peril and war, such force to be composed of patriotic citizens who *volunteer* their services for the defense of their country and State. To our minds, the General Assembly never contemplated exacting any fee whatever for the issuance of commissions to volunteer policemen. The Act of July 18, 1917, is a grant of necessary power by a grateful Sovereign to those who volunteer in its defense in time of war. It is not a revenue-producing statute; it is a war measure for National defense. We conclude, therefore, that no fee may be charged upon the issuance of a commission to a volunteer policeman.

Your question no. 5, namely, shall the recorder of deeds collect and remit to the Commonwealth the sum of 50 cents for each commission received by him and filed in his office under said act, we shall also answer.

Our research discloses certain legislation pertaining to the collection and remission of fees by recorders of deeds to the Commonwealth, on commissions received by such recorders and entered of record by them. Section 5 of the Act of April 11, 1840, P. L. 294, 42 PS §86, provides that commissions of justices of the peace and aldermen shall be entered of record by the recorder of deeds of the proper county. The Act of July 18, 1917, supra, does not require that commissions of volunteer police officers be recorded. It simply requires, in section 2 thereof, that the certificates of appointment of

such police officers, that is, their commissions, shall be *filed* in the office of the recorder of deeds. It follows from this that such commissions are not recorded at all in the office of the recorder of deeds.

Section 55 of the Act of May 2, 1929, P. L. 1278, 16 PS §55, provides that every county officer receiving a commission from the Governor shall deliver the same to the recorder of deeds by whom it shall be recorded at the expense of such officer. This section does not apply to volunteer police officers under the legislation being discussed for the reason that such officers are not county officers.

Section 613 of the Act of April 9, 1929, P. L. 343, 72 PS §613, provides that recorders of deeds shall continue to be the agents of the Commonwealth for the collection of the fees or taxes payable to the Commonwealth upon the recording of deeds, mortgages, and other instruments in writing, and upon *commissions of public officers*, as provided by law. However, there is no law which provides for any fee or tax payable to the Commonwealth upon the commissions of the volunteer police officers now being considered.

Section 6 of the Act of April 6, 1830, P. L. 272, 72 PS §3191, provides that the recorders of deeds of the several counties shall demand and be paid for the use of the Commonwealth certain designated fees upon commissions of expressly enumerated officials, amongst which volunteer police officers are not named.

Section 4 of the Act of April 6, 1830, P. L. 272, supra, 72 PS §3173, provides that recorders of deeds shall demand and receive the sum of 50 cents for every deed, mortgage, or other instrument in writing offered to be recorded. As we have said hereinbefore commissions of volunteer police officers are not recorded. Hence section 4 of the Act of 1830 does not apply.

It follows from the foregoing that recorders of deeds shall not collect and remit to the Commonwealth any

fee whatsoever for the filing of commissions of volunteer police officers.

This question has also been answered heretofore by this department to the same effect as we now answer it. See 1917-18 Op. Atty. Gen. 157.

Your sixth question inquires whether a nonresident of Pennsylvania may be appointed and commissioned as a volunteer police officer.

The Act of July 18, 1917, supra, contains no restriction against a nonresident of Pennsylvania being appointed and commissioned as a volunteer police officer. It follows that a nonresident of Pennsylvania may be so appointed and commissioned.

It is our opinion, therefore, and you are accordingly advised that:

1. No fee is to be charged upon the issuance of a commission to a volunteer police officer by anyone, nor is any such fee to be paid by anyone;

2. Recorders of deeds shall not collect nor remit to the Commonwealth the sum of 50 cents or any other sum for any commission of a volunteer police officer received by such recorders for filing in their offices;

3. A nonresident of Pennsylvania may be appointed and commissioned as a volunteer police officer.